UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES F. OLVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-00901-TWP-DKL |
| | ) |
| CAROLYN W. COLVIN Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON APPLICATION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before this Court on Plaintiff's, Charles F. Olvey ("Mr. Olvey"), application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. §2412(d) (2012) ("EAJA"). (Filing No. 30.) On September 19, 2011, Mr. Olvey filed applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act (the "Act"). (Filing No. 13-5 at 2.) His applications were denied initially, on reconsideration, and again by an Administrative Law Judge ("ALJ"). Subsequently, the Appeals Council denied Mr. Olvey's request for review. On June 3, 2014, Mr. Olvey appealed to this Court for judicial review. (Filing No. 1.)

On February 3, 2015, the parties filed a Joint Motion for Entry of Judgment with Remand, agreeing to remand the case to the Commissioner of the Social Security Administration (the "Commissioner") for further administrative proceedings. (Filing No. 26.) The parties agreed that, on remand, the ALJ would reassess Mr. Olvey's maximum residual functional capacity with the assistance of a medical expert. *Id.* Additionally, the parties agreed that the ALJ would reassess steps four and five of the sequential evaluation with the assistance of a vocational expert, if

necessary. *Id*. Consistent with the parties' agreement, on February 4, 2015, this Court issued the Order reversing the Commissioner's decision and remanding the case for further administrative proceedings. (Filing No. 27.)

On May 7, 2015, Mr. Olvey filed a motion for the extension of time to file his application for attorneys' fees under the EAJA. (Filing No. 29.) The next day, on May 8, 2015, this Court granted Mr. Olvey's motion for extension of time. (Filing No. 32.) The same day, Mr. Olvey filed his application and supporting memorandum for attorney's fees. (Filing No. 30; Filing No. 31.) The Commissioner filed its response on May 22, 2015, asserting that Mr. Olvey's application for attorneys' fees was untimely. (Filing No. 34.) On May 29, 2015, Mr. Olvey filed a reply[1]. (Filing No. 35.) For the following reasons, this Court now **GRANTS** the request for fees.

## II.  LEGAL STANDARD

The EAJA provides that "a court may award reasonable fees and expenses of attorneys … to the prevailing party in any civil action brought by or against the United States or any agency." 28 U.S.C. § 2412(b) (2012). A party seeking an award of fees for a successful action against the government is entitled to recover his attorney's fees if: (1) he was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees is timely filed with the district court. 28 U.S.C. §§ 2412(d)(1)(A), (B) (2012). *See also Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004).

Attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct, which includes the ALJ's decision, or the Commissioner's litigation position lacked substantial

---

[1] The reply does not respond to the Commissioner's argument that Mr. Olvey's EAJA fee application was untimely. Instead, it addresses an attorney's contemporaneously kept time records and appears to have been filed in the wrong case.

justification. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724. To be substantially justified, the Commissioner's position must have a reasonable basis in law and fact, and there must be a reasonable connection between the two. *Id*. The Commissioner has the burden of establishing that its position was substantially justified. *Id*.

The boundaries of what constitutes substantial justification has been addressed by the Seventh Circuit in two complementary cases. *See Cunningham*, 440 F.3d 862; *Golembiewski*, 382 F.3d 721. In *Golembiewski*, the Seventh Circuit concluded that it was an abuse of discretion for the district court to find the Commissioner's position to be substantially justified when the ALJ had committed several errors, such as failing to properly assess the claimant's credibility, ignoring and misstating record evidence, and failing to consider the limiting effect of claimant's symptoms in the aggregate. *Golembiewski*, 382 F.3d at 724-25. However, in *Cunningham*, the Seventh Circuit concluded that the Commissioner was substantially justified in defending the ALJ's decision where the ALJ simply failed to meet the requirement to sufficiently articulate the justifications for his decision. *Cunningham*, 440 F.3d at 864-65. These two decisions guide this Court's discretionary decision regarding substantial justification in the immediate case.

> [I]f the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees.

*Purvis v. Barnhart*, No. 1:04-CV-2124 DFH, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006).

In addition, if this Court considers a fee award to be appropriate, this Court also considers whether the prevailing party's application was timely filed and whether the requested amounts are reasonable. 28 U.S.C. § 2412(d)(1)(B) (2012); 28 U.S.C. § 2412(d)(2)(A) (2012). In this regard, the party seeking a fee award must support its request with an itemized statement stating the actual

time expended and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(d)(1)(B). The party seeking an award of fees must also submit evidence supporting the hours worked and rates claimed. *Id*. Finally, the amount of attorneys' fees must be reasonable and "shall be based upon market rates for the kind and quality of the services furnished," subject to a cap rate of $125.00 per hour plus an increase based on the cost of living if a fee higher than $125.00 is justified. 28 U.S.C. § 2412(d)(2)(A). Where the documentation of hours is inadequate, this Court may reduce the award accordingly. *See Hensley v. Eckerhart*, 461 U.S. 424, 4334 (1983). Further, this Court has discretion to adjust the fee award or to deny fees when there are "special circumstances" that would make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2012). *See also Hensley*, 461 U.S. at 433-34.

### III. DISCUSSION

The Commissioner contests only the timeliness of Mr. Olvey's EAJA application. Specifically, the Commissioner argues that Mr. Olvey's EAJA application should have been submitted thirty days after the entry of judgment by this Court, or by March 6, 2015. Under typical circumstances, the Commissioner would be correct. However, given the Court's decision to grant Mr. Olvey's attorney an extension of time, the EAJA application is timely.

In the typical case, an EAJA application may be filed until thirty days after a judgment becomes "not appealable," or thirty days after the time for appeal has ended. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). *See also* 28 U.S.C. § 2412(d)(1)(B) (2012); 28 U.S.C. § 2412(d)(2)(G) (2012). However, when a federal officer is a party in a civil suit, the time for appeal does not end until sixty days after "entry of judgment," which must be made pursuant to Fed. R. Civ. P. 58. *Shalala*, 509 U.S. at 302; Fed. R. App. P. 4(a)(1). As the Commissioner notes, this typically gives

a claimant a total of ninety days to file an EAJA application after the district court enters judgment. *See, e.g.*, *Dinunzio v. Apfel*, 101 F. Supp. 2d 1028, 1032 (N.D. Ill. 2000).

Nevertheless, the Seventh Circuit has concluded that a party may only appeal a settlement or consent decree by explicitly reserving the right to appeal. *See INB Banking Co. v. Iron Peddlers, Inc.*, 993 F.2d 1291, 1292 (7th Cir. 1993). Therefore, when remand is made pursuant to a consent decree or settlement, a party has thirty days from entry of judgment to file an EAJA application. *See, e.g.*, *Bryan v. OPM*, 165 F.3d 1315, 1321 (10th Cir. 1999).

On February 4, 2015, this Court granted the parties' Joint Motion for Entry of Judgment with Remand; and the Court entered final judgment pursuant to Fed. R. Civ. P. 58 that same day. Mr. Olvey did not, and had no reason to, explicitly reserve his right to appeal the settlement for remand. Thus, the settlement was not appealable. Therefore, Mr. Olvey's attorney had thirty days after this Court entered judgment on February 4, 2015, or until March 6, 2015, to file his EAJA application. Mr. Olvey's attorney failed to do so. Nevertheless, on May 8, 2015, this Court granted Mr. Olvey's motion for extension of time, allowing his attorney to file his EAJA application that same day. Necessarily, then, this Court considers Mr. Olvey's EAJA application to be timely filed.

Even so, while it does not impact this Court's conclusion regarding timeliness in this case, this Court is concerned that Mr. Olvey's attorney failed to recognize and meet the deadline for the EAJA application. Indeed, when looking closer at Mr. Olvey's briefs, it appears that Mr. Olvey's attorney may have been confused regarding the appropriate deadline on account of this case being remanded by agreement rather than on account of the more typical round of an opinion and order by this Court.

For instance, in his brief, Mr. Olvey's attorney stated that the judgment "became final sixty days after its date of February 4, 2015 or by April 5, 2015." (Filing No. 31 at 5-6.) Mr. Olvey's

5

attorney likely calculated April 5, 2015, or sixty days after this Court's entry of judgment, as the date the judgment became final because that would typically be the period without a settlement agreement. *See Shalala*, 509 U.S. at 302; Fed. R. App. P. 4(a)(1).  In addition, Mr. Olvey's attorney states that the application was filed "within 30 days thereafter as extended, i.e. on or before May 8, 2015." ([Filing No. 31 at 6](#).)   Also in the absence of a settlement agreement, the typical deadline for Mr. Olvey's fee application would be thirty days after the judgment became final, and a total of ninety days after a court entered judgment, or May 5, 2015. *See, e.g.*, *Dinunzio*, 101 F. Supp. 2d at 1032.

Accordingly, Mr. Olvey's attorney would have been correct regarding the deadlines if the case had not been resolved by a joint agreement for remand.  However, because of the joint agreement, the judgment became final the day this Court entered judgment, or February 4, 2015. ([Filing No. 27](#).)  *See, e.g.*, *Bryan v. OPM*, 165, 165 F.3d 1315, 1321 (10th Cir. 1999).  As a result, Mr. Olvey's fee application was due thirty days thereafter, on March 6, 2015.

Nevertheless, regardless of this Court's concerns, since this Court granted Mr. Olvey's motion for extension of time, it would be unreasonable to deny the EAJA fee application as untimely now.

In addition, any concerns regarding the timeliness of Mr. Olvey's EAJA application does not change the fact that the Commissioner's position was not substantially justified in its denial of Mr. Olvey's application for disability benefits.  In finding that the government's position was not substantially justified, the Court looks to the parties' joint Motion for Entry of Judgment with Remand.  Therein, the parties agreed that this Court should reverse the Commissioner's decision and remand the case for further administrative proceedings.  Specifically, the parties agreed that the ALJ shall "reassess Plaintiff's maximum residual functional capacity for the entire period at

6

issue, with the assistance of a medical expert, and reassess steps four and five of the sequential evaluation with the assistance of a vocational expert, if necessary." (Filing No. 26.)

The parties' agreement cites multiples errors made by the Commissioner, which would suggest that the ALJ's opinion was not substantially justified. *Golembiewski*, 382 F.3d at 724 (holding that it was an abuse of discretion for the district court to find the Commissioner's position to be substantially justified when the ALJ had committed several errors.) Further, this Court notes that the Commissioner did not argue that it was substantially justified in its response to Mr. Olvey's fee application. (Filing No. 34.) Therefore, this Court considers the parties' agreement to be an admission by the Commissioner that the ALJ was not substantially justified in its decision to deny Mr. Olvey's application for disability benefits.

Since this Court considers the ALJ's denial of Mr. Olvey's application for disability benefits to be not substantially justified, the remaining issue is whether the fees submitted by his lawyer were appropriate. As of January, 2015, the Seventh Circuit has determined that the presumptive cap of $125.00 may be exceeded simply when an increase in the cost of living since 1996 justifies a higher fee. *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). The Seventh Circuit held that "[t]he government's general measure of inflation (the CPI), which embodies considerable expertise and effort, is both more practical and more meaningful than a measure of the cost of providing legal services in one particular law office." *Id.*

Mr. Olvey's attorney submitted an itemized statement of his actual time expended and the rate at which the fees were computed, using the Consumer Price Index (the CPI) from 1996 to 2015. The Commissioner did not contest the time Mr. Olvey's attorney expended on this case, the amounts, or the rates of attorney fees; accordingly, the Court finds the amount of fees to be reasonable.

## IV. CONCLUSION

For the reasons stated above the Court considers Mr. Olvey's EAJA fee award to be timely and reasonable, therefore, the application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. §2412(d) (2012) ("EAJA") (Filing No. 30) is **GRANTED**.

**SO ORDERED.**

Date: 9/25/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov